UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

| | |
|---|---|
| NATALIE WEISSBROD, Individually and on Behalf of All Other Persons Similarly Situated, Plaintiffs, <br><br> v. <br><br> SILVERLEAF RESORTS, INC., <br>                              Defendant | C.A. No. 2009 - |

# COMPLAINT

## Count I

### FLSA Collective Action Claims

1.   Defendant has since at least September 14, 2006, willfully violated the Fair Labor Standards Act, 29 U.S.C. §§201 et seq. ("FLSA"), by failing to pay Plaintiff, Natalie Weissbrod ("Plaintiff" or "Weissbrod"), and all other persons employed by it as Sales Representatives, Sales Associates or some similar title (collectively "Sales Representatives"), one and one-half times their regular rate of pay for all hours worked in excess of forty during each workweek.

2.   This action is brought as a collective action pursuant to 29 U.S.C. §216(b), on behalf of Plaintiff and all other persons who are or have been employed by Defendant anywhere in the United States as Sales Representatives between September 14, 2006 and the date of final disposition of this action (the "FLSA Class Period").

3.   Plaintiff and all similarly situated Sales Representatives are hereinafter referred to collectively as "the FLSA Class."

4.   The FLSA Class Members are similarly situated because they all perform the same basic duties, responsibilities and activities, and are all subject to Defendant's common policy and

practice of failing to pay its Sales Representatives one and one-half times their regular rate of pay for all hours worked in excess of forty during each workweek.

## Jurisdiction and Venue

5. This Court has jurisdiction over the subject matter of Count I pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

7. Plaintiff is a resident of this district.

8. Defendant regularly conducts business in this district.

9. A substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

10. Plaintiff is a resident of 1866 Washington Mountain Road, Washington, Berkshire County, Massachusetts 01223.

11. On information and belief, Defendant is a Texas Corporation with a place of business at 190 Meadow Street, Lee, Massachusetts 01238 (the "Oak & Spruce Resort").

## Individual Allegations

12. During the FLSA Class Period, Defendant was engaged in the business of the development, marketing, and operation of "Getaway Resorts" and "Destination Resorts" (collectively "Timeshare Resorts").

13. During the Relevant Period, Defendant owned and/or operated at total of at least seven "Getaway Resorts" in Texas, Missouri, Illinois, and Georgia and a total of at least six "Destination Resorts" in Texas, Missouri, Massachusetts, and Florida.

14. During the Relevant Period, Defendant conducted business in Colorado, Florida, Georgia, Illinois, Georgia, Massachusetts, Missouri, and Texas.

15. Since at least September 14, 2006, Defendant has regularly transacted business in Massachusetts within this district.

16. At various times between approximately April 2006 and June 2009, Plaintiff worked for Defendant as a Sales Representative at the Oak & Spruce Resort.

17. During the FLSA Class Period, Plaintiff's duties, responsibilities and activities included but were not limited to the following:

   a. selling vacation ownership plans to potential buyers,
   b. providing on-site resort tours to customers,
   c. giving on site tours to prospective customers,
   d. providing information about Defendant's vacations,
   e. filling out sales related paperwork,
   f. attending meetings,
   g. discussing tours provided, and
   h. watching presentations provided by other sales representatives.

18. Defendant was at all relevant times an "employer" of the Plaintiff as that term is defined in 29 U.S.C. §203(d).

19. Plaintiff was at all relevant times an "employee" of Defendant as defined in 29 U.S.C. §203(e).

20. Plaintiff was at all relevant times "employed" by the Defendant as defined in 29 U.S.C. § 203(g).

21. Defendant was at all relevant times an "enterprise engaged in commerce or in the production of goods for commerce" as defined in 29 U.S.C. § 203(s).

22. During the FLSA Class Period, Defendant was an enterprise whose annual gross volume of sales made or business done was not less than $500,000.

23. While working for Defendant, Plaintiff was not customarily and/or regularly engaged away from Defendant's place or places of business.

24. During the FLSA Class Period, Plaintiff was paid on a commission basis; however, Plaintiff received a minimum "draw" per week.

25. During the FLSA Class Period, Plaintiff's hours varied from workweek to workweek.

26. During the FLSA Class Period, Plaintiff typically worked more than forty hours per workweek.

27. During the FLSA Class Period, Plaintiff was not paid overtime wages at the rate of one and one-half times her regular rate of pay for all hours worked in excess of forty during each workweek as required by the FLSA and applicable state laws.

28. During the FLSA Class Period, Plaintiff was not exempt from the overtime provisions of the FLSA or any applicable state laws.

29. During the FLSA Class Period, Defendant was aware of the duties performed by Plaintiff.

30. During the FLSA Class Period, Defendant was aware that Plaintiff was not exempt from the overtime provisions of the FLSA.

31. Annexed hereto as **Exhibit A** is a written consent to the filing of this Complaint duly executed by Plaintiff pursuant to 29 U.S.C. §216(b).

## FLSA Collective Action Allegations

32. While the exact number of members of the FLSA Class is unknown to Plaintiff at the present time, Plaintiff believes that at least several hundred similarly situated persons are or have been employed by Defendant as Sales Representatives since September 14, 2006. Thus, a collective action is the most efficient mechanism for resolution of the claims of the FLSA Class.

33. During the FLSA Class Period, the duties, responsibilities, and activities of the FLSA Class Members were essentially the same as the duties, responsibilities, and activities of Plaintiff.

34. During the FLSA Class Period, the FLSA Class Members were paid in the same manner and under the same standard employment procedures and practices as Plaintiff.

35. During the FLSA Class Period, the FLSA Class Members' duties, responsibilities and activities included but were not limited to the following:

   a. selling vacation ownership plans to potential buyers,
   b. providing on-site resort tours to customers,
   c. giving on site tours to prospective customers,
   d. providing information about Defendant's vacations,
   e. filling out sales related paperwork,
   f. attending meetings,
   g. discussing tours provided, and
   h. watching presentations provided by other sales representatives.

36. During the FLSA Class Period, Defendant was an "employer" of the FLSA Class Members as that term is defined in 29 U.S.C. §203(d).

37. The FLSA Class Members were at all relevant times "employees" of the Defendant as defined in 29 U.S.C. §203(e).

38. The FLSA Class Members were at all relevant times "employed" by the Defendant as defined in 29 U.S.C. § 203(g).

39. Defendant was at all relevant times an "enterprise engaged in commerce or in the production of goods for commerce" as defined in 29 U.S.C. § 203(s).

40. While working for Defendant, the FLSA Class Members were not customarily and/or regularly engaged away from Defendant's place or places of business.

41. During the FLSA Class Period, the FLSA Class Members were paid on a commission basis; however, they received a minimum "draw" per week.

42. During the FLSA Class Period, the hours worked by the FLSA Class Members varied from workweek to workweek.

43. During the FLSA Class Period, the FLSA Class Members worked more than forty hours in at least one workweek.

44. During the FLSA Class Period, the FLSA Class Members were not paid overtime wages at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty during each workweek as required by the FLSA.

45. During the FLSA Class Period, the FLSA Class Members were not exempt from the overtime provisions of the FLSA.

46. During the FLSA Class Period, Defendant was aware of the duties performed by the FLSA Class Members.

47. During the FLSA Class Period, Defendant was aware that the FLSA Class Members were not exempt from the overtime provisions of the FLSA.

48. Defendant violated 29 U.S.C. §207(a) by failing to pay the Plaintiff and the FLSA Class Members one and one-half times their regular rate of pay for all hours worked in excess of forty during each workweek.

49. Defendant's violations of 29 U.S.C. §207(a) were willful, repeated and intentional.

50. Plaintiff and the FLSA Class Members have been damaged by said violations of 29 U.S.C. §207(a).

51. Pursuant to 29 U.S.C. §207(a) and §216(b), Defendant is liable to the Plaintiff and the FLSA Class Members for the full amount of their unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus their attorneys' fees and costs.

## Count II

### Massachusetts State Law Claims

52. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

53. In this Count, Plaintiff brings a separate cause of action pursuant to Mass. G. L. c. 151, §§1A, 1B and Fed. R. Civ. P. 23 on behalf of herself and all persons who are or have been employed by Defendant as Sales Representatives in Massachusetts between September 14, 2006, and the date of final disposition of this action (the "Rule 23 Class Period").

54. Mass. G. L. c. 151, §1B provides that employers shall be liable in a civil action brought by an aggrieved employee for three times the unpaid overtime wages owed by the employer.

55. During the Rule 23 Class Period, Defendant violated Massachusetts law by failing to pay Plaintiff time and one-half times her regular rate of pay for all hours worked in excess of forty during each workweek.

56. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this claim under Massachusetts law on behalf of herself and on behalf of all others employed by Defendant as Sales Representatives during the Rule 23 Class Period.

57. Plaintiff and all such similarly situated persons are hereinafter referred to collectively as "the Massachusetts Class."

58. The members of the Massachusetts Class are similarly situated because they all perform the same basic duties, responsibilities and activities, and all are subject to Defendant's common policy and practice, implemented throughout the Commonwealth of Massachusetts, of failing to pay its Sales Representatives overtime compensation in violation of Mass. G. L. c. 151, §1A.

## Jurisdiction

59. This Court has jurisdiction over Count II pursuant to 28 U.S.C. §1367.

## Massachusetts Claim Allegations

60. The duties, responsibilities and activities of the Massachusetts Class Members were essentially the same as the duties, responsibilities, and activities of Plaintiff.

61. The Massachusetts Class Members were paid in the same manner and under the same standard employment procedures and practices as Plaintiff.

62. Plaintiff and the Massachusetts Class Members were all subject to Defendant's common policy and practice of failing to pay its Sales Representatives one and one-half times their regular rate of pay for all hours worked in excess of forty during each workweek.

63. During the Rule 23 Class Period, Defendant was aware of the duties performed by Plaintiff and the Massachusetts Class Members.

64. During the Rule 23 Class Period, Defendant was aware that Plaintiff and the Massachusetts Class Members were not exempt from the overtime provisions of Mass. G. L. c. 151, §1A.

65. Defendant violated Mass. G. L. c. 151, §1A by failing to pay Plaintiff and the Massachusetts Class Members one and one-half times their regular rate of pay for all hours worked in excess of forty during each workweek.

66. Defendant's violations of Mass. G. L. c. 151, § 1A were repeated, willful and intentional.

67. Plaintiff and the Massachusetts Class Members have been damaged by said violations of Mass. G. L. c. 151, §1A.

68. Pursuant to Mass. G. L. c. 151, §§1A, 1B, Defendant is liable to Plaintiff and the Massachusetts Class Members for three times their unpaid overtime compensation, plus their attorneys' fees and costs.

### Massachusetts Class Action Allegations

69. Plaintiff is currently unaware of the identities of all the members of the Massachusetts Class.

70. On information and belief, at least 50 persons have worked for Defendant as a Sales Representative in Massachusetts during the Rule 23 Class Period and would therefore be members of the Massachusetts Class. For this reason, joinder of all members of the Massachusetts Class would be impracticable.

71. There are numerous questions of law and fact, such as the duties, responsibilities and activities of the Massachusetts Class Members and whether such duties are inconsistent with exempt status under Mass. G. L. c. 151, §1A.

72. The claims of Plaintiff are typical of the claims of the Massachusetts Class because each such Class Member was unlawfully classified as exempt from the overtime laws.

73. Defendant's presumed defense that Plaintiff and the Massachusetts Class Members were properly classified as exempt will be the same for each individual and will not turn on any individual differences in such person's job duties.

74. The prosecution of separate actions against Defendant under Massachusetts law would create a risk of inconsistent or varying adjudications with respect to Plaintiff and the individual members of the Massachusetts Class that would establish incompatible standards of conduct for Defendant. In addition, adjudications with respect to individual members of the class could as a practical matter be dispositive of the interests of the other members of the

Massachusetts Class not parties to such adjudications, or could substantially impede or impair their ability to protect their interests.

75. Questions of law or fact common to the Massachusetts Class Members predominate over any question affecting only individual members of that Class. A class action, therefore, is superior to other available methods for the fair and efficient adjudication of the controversy. All of the facts material to resolving the common legal question of whether exemption from the Massachusetts overtime laws was appropriate are common to the Massachusetts Class Members. Facts that may not be common to this Class are immaterial to resolving the common legal question of whether Defendant's failure to pay overtime compensation to the Massachusetts Class was correct. Common issues predominate over any individual questions. There will be no difficulty in managing the case as a class action.

## Claims for Relief

Wherefore, Plaintiff respectfully request that the Court:

A. Declare Count I of this action to be maintainable as a collective action pursuant to 29 U.S.C. §216(b), and direct Defendant to provide Plaintiff with lists of all persons employed by it as Sales Representatives during the FLSA Class Period, including but not limited to the last known address and telephone number of each such person, so that Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

B. Determine the damages sustained by Plaintiff and the FLSA Class Members as a result of Defendant's violations of 29 U.S.C. §207(a), and award those damages against Defendant and in favor of Plaintiff and the FLSA Class Members, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), and such interest as may be allowed by law;

C.  Award Plaintiff and the FLSA Class Members their costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants' and experts' fees and such interest as may be allowed by law;

D.  Grant Plaintiff and the FLSA Class Members such other and further relief as the Court may deem just and proper;

E.  Declare Count II of this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23;

F.  Under Count II, determine the damages sustained by Plaintiff and the Massachusetts Class Members as a result of Defendant's violations of Mass. G. L. c. 151, §§1A and 1B and award treble damages against Defendant and in favor of said Plaintiff and the Massachusetts Class Members, and such interest as may be allowed by law;

G.  Award Plaintiff and the Massachusetts Class Members their costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants' and experts' fees and such interest as may be allowed by law; and

H.  Grant Plaintiff and the Massachusetts Class Members such other and further relief under Massachusetts law as the Court may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE**.

By Her attorneys,

**/s/ Jeffrey S. Morneau**
Jeffrey S. Morneau, Esquire (BBO# 643668)
DONOHUE, HYLAND & DONOHUE, P.C.
1707 Northampton Street
Holyoke, Massachusetts 01040
Tel:    (413) 536-1977
Fax:    (413) 538-7138
jmorneau@donohuehyland.com